UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN THOMAS ENTLER,<br><br>    Petitioner,<br><br>    v.<br><br>THE WASHINGTON STATE SUPREME COURT, JUSTICES ALEXANDER, JOHNSON, SANDERS, OWENS, JOHNSON, MADSEN, FAIRHURST, STEVENS, AND CHAMBERS,<br><br>    Respondents. | Case No. C09-5451BHS<br><br>ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING PETITION |

This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 5) and Petitioner's Objections to the Report and Recommendation (Dkt. 7).

**I. PROCEDURAL HISTORY**

On September 8, 2009, Petitioner filed an Amended Petition for Writ of Habeas Corpus alleging a denial of access to the courts and challenging the manner in which the Washington State Supreme Court handled his personal restraint petitions. Dkt. 4, ¶¶ 1.3-1.8. Petitioner's claim is based on his allegation that the Washington State Supreme Court denied him oral argument when it considered his personal restraint petition. *Id*. ¶¶ 1.10-1.11.

ORDER – 1

On September 16, 2009, Judge Creatura issued a Report and Recommendation finding that Petitioner's claim was not cognizable in a habeas corpus proceeding and recommending that the petition be dismissed prior to service. Dkt. 5 at 2.

On October 1, 2009, Petitioner filed Objections to the Report and Recommendation. Dkt. 7.

**II. DISCUSSION**

A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. *Id*.

In this case, Petitioner argues that Judge Creatura's "Report and Recommendation is subject to 'de novo' review.'" Dkt. 7 at 1. Petitioner, however, must properly object to a part of the Report and Recommendation before the Court will engage in de novo review. Petitioner has made two specific objection to the Report and Recommendation: (1) Judge Creatura's reliance on three Supreme Court cases is "clearly erroneous as a matter of law" and (2) Judge Creatura has "wrongly identified the claims to which procedural default may be applicable." Dkt. 7 at 3-4. The Court overrules both objections.

Judge Creatura relied on *Estelle v. McGuire*, 502 U.S. 62 (1991); *Lewis v. Jeffers*, 497 U.S. 764 (1990); and *Pulley v. Harris*, 465 U.S. 37, 41 (1984), for the proposition that the "Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law." Dkt. 5 at 3. Reliance on these cases was not erroneous as a matter of law. These cases are clearly applicable to the issue of whether a state court's denial of oral argument is cognizable in a federal habeas proceeding. Petitioner's objection is without merit.

Next, Petitioner argues that Judge Creatura misidentified the applicable claims in his writ because his current petition attacks the "procedural means used by the Washington State Supreme Court" in handling his personal restraint petitions and does not challenge the

ORDER – 2

federal grounds that were raised in those petitions. Dkt. 7 at 4. Petitioner's objection is without merit because Judge Creatura properly identified the current claim (Dkt. 5 at 1, lines 22-25).

The remainder of Petitioner's objections are merely arguments regarding the merits of his habeas claim. *See* Dkt. 7. Judge Creatura found that the claim was unexhausted, procedurally defaulted, and should not be considered or addressed on the merits. The Court agrees with and adopts the Report and Recommendation in its entirety.

Finally, it is questionable whether the Court even has jurisdiction to consider this petition because this is Petitioner's second application for federal habeas relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(b) (second or successive application shall be dismissed unless certain criteria are met).

## III. ORDER

Therefore, the Court having considered the Report and Recommendation, Petitioner's objections, and the remaining record, does hereby find and order:

(1) The Court **OVERRULES** Petitioner's Objections;

(2) The Court adopts the Report and Recommendation; and

(3) This petition is **DISMISSED with prejudice** for the reasons stated herein.

DATED this 19th day of October, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3